[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10035
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05208-AT


KAREEM OF THE FAMILY HODGE,

Plaintiff - Appellant,

versus

THE TEXAS OFFICE OF ATTORNEY GENERAL,
42 U.S.C. 654(3) Child Support Customer
Service Division,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 6, 2019)

Before WILLIAM PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Kareem Hodge, proceeding *pro se*, appeals from the district court's order denying his petition for injunction and dismissing the complaint he made pursuant to 42 U.S.C. § 1983.  Hodge argues that the district court erred in dismissing his claim because he presented "undisputed evidence" that the Texas Attorney General's  ("AG") child support division was an agency "lacking the cloth of office of Judicial authority to compel his performance to a contractual debt."  Thus, he argues, the court erred in concluding that the Texas AG was immune from suit under the Eleventh Amendment.

We review *de novo* the grant of a motion to dismiss based upon a state's Eleventh Amendment immunity.  *In re Emp't Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1310 (11th Cir. 1999).  Eleventh Amendment immunity bars suits by private individuals against a state in federal court unless the state has consented to be sued, has waived its immunity, or Congress has abrogated the states' immunity.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001).  The Eleventh Amendment immunity bar includes "state agencies and other arms of the state" and applies to garnishment actions.  *Cassady v. Hall*, 892 F.3d 1150, 1153-54 (11th Cir.) (*per curiam*), *cert. denied*, 139 S. Ct. 433 (2018).

Here, the district court did not err in dismissing Hodge's §1983 complaint because the court properly determined that the Texas AG's child support division is immune from suit under the Eleventh Amendment.  First, this Court has held that the Eleventh Amendment bar is applicable in garnishment suits.  *Hall*, 892 F.3d at 1154.  Second, despite his characterization of the child support division as a "single and separate" part of the Texas AG's office, the child support division is part of the Texas state government, and there is no documentation in the record— nor does independent research reveal—that the Texas AG has consented to be sued or waived its immunity, or that Congress has abrogated its immunity.  *See Garrett*, 531 U.S. at 363-64; *see also NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (holding that "Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity"); *and Office of the Att'y Gen. v. Scholer*, 403 S.W.3d 859, 861 (Tex. 2013) (stating that the child support division's role "derives from federal legislation" and is the "designated IV-D agency in Texas [with] the power to enforce child support orders and collect and distribute support payments," including the power to "seek a court order to withhold income").  As a state agency, the Texas AG and its divisions are immune from suit.  *Hall*, 892 F. 3d at 1153.

Hodge's contention that the Second Circuit's holding in *Johnson v. New York*, 21 Fed. App'x 41 (2d Cir. 2001), supports his argument is meritless for two

reasons.  First, this Court need not heed another Circuit's holdings, let alone unpublished decisions from other circuits.  Second, while he correctly stated the Second Circuit's holding that the Monroe County Child Support Enforcement Unit was not covered under Eleventh Amendment immunity, that case involved a *county* agency, not a division within the state AG's office.  *See Johnson*, 21 Fed. App'x at 42.  Thus, not only does that case bear no authoritative weight before this Court, it also involved distinguishable facts.

Accordingly, we affirm the district court's dismissal of Hodge's § 1983 complaint.

**AFFIRMED.**